**Mario Hernandez FERRER, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–72837.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Mario Hernandez Ferrer, Whittier, CA, pro se.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Jeffery R. Leist, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Mario Hernandez Ferrer, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

open removal proceedings. We dismiss the petition for review.

The evidence Petitioner presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006).

Petitioner's contention that the BIA violated due process by denying his motion to reopen does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**